1  John C. Hueston (164921; jhueston@hueston.com)
   Alison Plessman (250631; aplessman@hueston.com)
2  HUESTON HENNIGAN LLP
   620 Newport Center Drive, Suite 1300
3  Newport Beach, CA 92660
   Telephone:   (949) 229-8640
4  Facsimile:   (888) 775-0898

5  Attorneys for Plaintiff
   STATE COMPENSATION INSURANCE FUND, a
6  Public Enterprise Fund and Independent Agency of
   the State of California

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 SOUTHERN DIVISION

11  STATE COMPENSATION              Case No. SACV 15-01279-AJG (JCG)
    INSURANCE FUND,
12                                  **PROTECTIVE ORDER**
              Plaintiff,
13        vs.

14  DANIEL CAPEN, et al.,

15            Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information, including information that third parties and/or non-parties may contend is confidential health information, which should be given special protection from public disclosure and from use for any purpose other than this litigation.  Thus, the Court enters this Protective Order ("Order").  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  With the exception of the purported confidential health information ("CHI") discussed in Section II, this Order does not govern the use at trial of material designated under this Order.

## II.   CONFIDENTIAL HEALTH INFORMATION

The parties recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit purported CHI belonging to third-parties and non-parties to other parties, third-parties, and non-parties and their attorneys and representatives.  The parties hereto will make reasonable efforts to limit their uses and disclosures of, and requests for, CHI to the minimum necessary for the intended use, disclosure, or request.   The parties recognize the need to provide for the expeditious transfer of some CHI to other parties and to their representatives in connection with the above captioned proceeding (the "Proceeding") and further recognize the need to provide for the continued confidentiality of that information.  To achieve these goals, and with the agreement of the parties:

A.    The parties and their attorneys are hereby authorized to receive, subpoena, and transmit CHI relating to any third party or non-party, to the extent and subject to the conditions outlined herein.

B.    Third parties and non-parties are hereby authorized to produce, in response to subpoenas and document requests by parties to this action, CHI relating to any third-party and non-party, to the extent and subject to the conditions outlined herein.  For purposes of clarity, any documents designated "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER,"  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" by such producing third parties and non-parties shall be governed by the terms of this Protective Order in same manner and to the same extent as if those documents had been produced by a party to this action.

C.    For purposes of this Protective Order, confidential health information, or "CHI," shall mean any document or health information supplied in electronic or physical form, or any portion thereof, that the designating party reasonably and in good faith contends identifies an individual or claimant, and is related to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present or future payment for the provision of health care to such individual.  CHI includes, but is not limited to, information that the designating party reasonably and in good faith contends are medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests containing individually identifiable information.  CHI also includes information that the designating party reasonably and in good

- 3 -

faith contends are notes, summaries, compilations, extracts, abstracts, or oral communications that contain, or are based on, confidential health information and contain individually identifiable information.

D.     For purposes of this Protective Order, the foregoing definition of "confidential health information," or "CHI," does not apply to any document or health information that has been de-identified, and de-identification of a copy of confidential health information voids any designation of "CHI" as to that copy.  De-identification occurs when the following identifiers of the individual receiving medical treatment or claimant, or the relatives, employers, or household members of the individual receiving medical treatment or claimant, are removed, and the party performing the de-identification has no actual knowledge that the remaining information could be used alone or in combination with other information to identify an individual who is a subject of the information:

1.     Names;

2.     All geographic subdivisions smaller than a State;

3.     All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, date of death; and all ages over 89 and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

4.     Telephone numbers;

5.     Fax numbers;

6.     Electronic mail addresses;

7.     Social security numbers;

8.     Medical record numbers;

- 4 -

9. Health plan beneficiary numbers;

10. Account numbers;

11. Certificate/license numbers;

12. Vehicle identifiers and serial numbers, including license plate numbers;

13. Device identifiers and serial numbers;

14. Web Universal Resource Locators (URLs);

15. Internet Protocol (IP) address numbers;

16. Biometric identifiers, including finger and voice prints;

17. Full face photographic images and any comparable images; and

18. Any other unique identifying number, characteristic, or code, except proprietary or re-identification codes which meet the following requirements:

    a. The code or other means of record identification is not derived from or related to information about the individual and is not otherwise capable of being translated so as to identify the individual; and

    b. The assigner does not use or disclose the code or other means of record identification for any other purpose, and does not disclose the mechanism for re-identification.

E. The parties and their attorneys may not use or disclose CHI for any purpose other than use in the above-captioned action.

F. CHI may be disclosed only to the following persons or entities (and subject to the conditions herein):

1. All parties to this action and their counsel.

2. This Court and all persons assisting this Court in this action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel;

- 5 -

3.  Persons or entities retained as consultants, experts, or contractors for any party and principals and employees of the firms with which the consultants, experts, or contractors are associated, as well as subcontractors for any such persons or entities;

4.  Persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this action, including litigation support services and outside copying services;

5.  Any person who may testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness, provided that counsel first comply with the requirements of Section II.G of this Order;

6.  Any other person hereafter designated by written stipulation of the parties, or by further order of this Court; and

7.  The parties, the parties' counsel and their partners, associates, paralegals, and clerical and support personnel;

8.  Each party in the parallel matter *State Compensation Insurance Fund v. Michael D. Drobot, Sr., et al.* (SACV 8:13-00956-AJG (CWx)), and their counsel, who has entered an appearance before the Court and agreed to the Protective Order governing the production of confidential documents in that matter.

G.  Prior to disclosing any CHI to persons or entities involved in this litigation pursuant to Section II.F.2 through II.F.6 of this Order, counsel shall inform each such person or entity that the CHI may not be used or disclosed for any purpose other than this litigation.  Counsel shall take all other reasonable steps to ensure that persons receiving any CHI do not use or disclose such information for any purpose other than

- 6 -

this litigation.  No CHI may be disclosed to any person identified in

Section II.F.2 through II.F.6 of this Order unless such person is given a

copy of this Order and advised that the information contained in the

document or material is CHI and informed that an unauthorized

disclosure of the CHI may constitute a contempt of this Court.  Each

person or entity to whom CHI is disclosed pursuant to Section II.F.2

through II.F.6 of this Order shall execute the Agreement to Be Bound

attached hereto as Exhibit A.  Copies of the executed Agreements shall

be retained by counsel for the party or parties who disclosed the CHI to

such persons.

H.    Any persons or entities involved in this litigation who are supplied CHI

pursuant to Section II.F of this Order may not use or disclose the CHI

for any purpose other than use in the above-captioned action.  Any such

use or disclosure of CHI by that person or entity must be the minimum

necessary for purposes of the litigation.  Any persons or entities

involved in this litigation who are supplied CHI pursuant to Section

II.F.2 through II.F.6 of this Order must use appropriate safeguards and

comply with any and all security measures required by the party or

attorney disclosing the CHI.  Any such persons or entities must

promptly report to the party or attorney that supplied the CHI any use

or disclosure of the CHI that is not provided for by this Protective

Order.

I.    When documents or material containing CHI are produced in

discovery, the producing party shall designate them as "confidential" in

the manner set forth in this paragraph.  To designate "confidential

health information" material covered by this Order, the producing party

shall so designate, on the material itself, or in an accompanying cover

letter or email, by using the following designation: "CONFIDENTIAL

5039363.1

HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER." All parties and attorneys receiving the documents or material may use such designated records only for the purposes of the above-captioned action and may disclose them to other persons or entities involved in the litigation process only as specified within this Order, and only if the person or entity executes the Agreement to Be Bound attached hereto as Exhibit A.

J. Within 45 days after the conclusion of the litigation as to any defendant (defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant, that defendant's attorneys, and any person or entity in possession of CHI received pursuant to Section II.F of this Order, shall (i) return that CHI, including all copies thereof, to the party from whom the CHI originated, or (ii) destroy the CHI, including all copies thereof, and in either case shall retain no CHI in its files, except that the remaining defendants in the litigation, and persons or entities receiving CHI from those defendants, may retain CHI in their possession. Counsel are not required to secure the return of CHI submitted to the court.

K. This Order does not control or limit the use of CHI pertaining to any third party or non-party that comes into the possession of the parties or their attorneys from a source other than the parties or subpoenaed third parties.

L. This Order does not constitute a judicial determination that any information that is designated CHI in this litigation is, in fact, CHI whose use and disclosure is covered by federal or state law. To the contrary, no such judicial determination has been made. The purpose

- 8 -

5039363.1

1  of this Order is to provide an appropriate, agreed-upon method for the

2  use and disclosure of information that is reasonably and in good faith

3  claimed to be CHI.

4  **III.   DESIGNATING PROTECTED MATERIAL**

5       A.   **Over-Designation Prohibited**.  Any party or non-party who designates

6       information or items for protection under this Order as

7       "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY

8       EYES ONLY" (a "designator") must only designate specific material

9       that qualifies under the appropriate standard.  Designation of material

10      as CONFIDENTIAL under this Order is allowed only if the designation

11      is necessary to protect material that, if disclosed to persons not

12      authorized to view it, would cause competitive or other recognized

13      harm.  Material, including material that would otherwise constitute

14      CHI, may not be designated if it has been made public, including that

15      filed with or provided to the California Workers' Compensation Board

16      that is publicly available from that agency, or if designation is

17      otherwise unnecessary to protect a secrecy interest.  Matter introduced

18      at public hearing or trial in this matter shall not remain confidential

19      absent an additional order of the court.  With respect to confidential

20      information that will be designated as subject to the more restrictive

21      confidentiality designation allowed herein, HIGHLY CONFIDENTIAL

22      - ATTORNEY EYES ONLY, the Parties will use that more restrictive

23      designation only if the disclosing party reasonably and in good faith

24      believes that the material being designated HIGHLY CONFIDENTIAL

25      - ATTORNEY EYES ONLY contains: (a) trade secrets; or (b) highly

26      confidential, non-public, personal or proprietary business information,

27      the disclosure of which would be especially detrimental or harmful to

28      the producing party if disclosed beyond the limited class of permitted

- 9 -

1    recipients delineated herein.  To the extent practicable, only those parts

2    of documents, items, or oral or written communications that

3    legitimately require protection shall be designated as CONFIDENTIAL

4    or as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.

5    Designations with a higher confidentiality level when a lower level

6    would suffice are prohibited and expose the designator to appropriate

7    sanctions.  Mass, indiscriminate, or routinized designations are

8    prohibited and expose the designator to the Court's striking all

9    confidentiality designations made by that designator.  Designation

10   under this Order is allowed only if the designation is necessary to

11   protect material that, if disclosed to persons not authorized to view it,

12   would cause competitive or other recognized harm.  If a designator

13   learns that information or items that it designated for protection do not

14   qualify for protection, that designator must promptly notify all parties

15   that it is withdrawing the mistaken designation.

16   B.   **Manner and Timing of Designations**.  Designation under this Order

17   requires the designator to affix the applicable legend

18   ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEY

19   EYES ONLY") to each page that contains protected material, *except* in

20   the case of information designated as "CONFIDENTIAL HEALTH

21   INFORMATION – SUBJECT TO PROTECTIVE ORDER," which

22   may be designated in the manner discussed in Section II.I.  For

23   testimony given in deposition or other proceeding, the designator shall

24   specify all protected testimony and the level of protection being

25   asserted.  It may make that designation during the deposition or

26   proceeding, or may invoke, on the record or by written notice to all

27   parties on or before the next business day, a right to have up to 21 days

28   from the deposition or proceeding to make its designation.

- 10 -

1.    A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.    Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  Each identified page containing designated material shall be marked "CONFIDENTIAL."  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

- 11 -

C.   **Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## IV.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations under this order shall proceed under L.R. 37-1 through L.R. 37-4.  The designating party asserting confidentiality shall have the burden of proof as to same.

## V.   ACCESS TO DESIGNATED MATERIAL

A.   **Basic Principles**.  A receiving party may use designated material only for this litigation.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

B.   **Disclosure of CONFIDENTIAL Material Without Further Approval**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

1.   All parties to this action.

2.   The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

3.   The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to be Bound (Exhibit A);

4.   Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

5.   The Court and its personnel;

- 12 -

6.  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

7.  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

8.  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

9.  Each party in the parallel matter *State Compensation Insurance Fund v. Michael D. Drobot, Sr., et al.* (SACV 8:13-00956-AJG (CWx)), and their counsel, who has entered an appearance before the Court and agreed to the Protective Order in that matter governing the production of confidential documents.

C.  **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

1.  Counsel for all parties to this action.

2.  Non-attorney employees of Counsel under Section V.C.1 to whom it is reasonably necessary to disclose the information;

3.  The following in-house counsel of Plaintiff:

    a.  Lisa Tang

    b.  Vincent Codispoti.

4.  The Court and its personnel;

- 13 -

5039363.1

5. Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

6. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

7. Counsel for each party in the parallel matter *State Compensation Insurance Fund v. Michael D. Drobot, Sr., et al.* (SACV 8:13-00956-AJG (CWx)) who has entered an appearance before the Court and agreed to the Protective Order in that matter governing the production of confidential documents.

D. **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to Experts.** Unless agreed to in writing by the designator:

1. A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five

- 14 -

years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

2.      A party that makes a request and provides the information specified in paragraph D.1 may disclose the designated material to the identified expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

3.      All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

E.      **Confidential Health Information.**  No part of this Section shall apply to CHI as defined in Section II; to the contrary, the procedures that this Order approves for the use and disclosure of CHI are those set forth in Section II.

VI.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A.      **Subpoenas, Court Orders, and Other Lawful Requests by Governmental Agencies**.  This Order in no way excuses non-compliance with a lawful subpoena, court order, or other lawful requests by governmental agencies.  The purpose of the duties

- 15 -

1  described in this section is to alert the interested parties to the existence

2  of this Order and to give the designator an opportunity to protect its

3  confidentiality interests in the court where the subpoena or order

4  issued.

5  B.  **Notification Requirement**.  If a party is served with a subpoena or a

6  court order issued in other litigation that compels disclosure of any

7  information or items designated in this action as CONFIDENTIAL or

8  HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, that party

9  must:

10  1.  Promptly notify the designator in writing.  Such notification shall

11  include a copy of the subpoena or court order;

12  2.  Promptly notify in writing the party who caused the subpoena or

13  order to issue in the other litigation that some or all of the

14  material covered by the subpoena or order is subject to this

15  Order.  Such notification shall include a copy of this Order; and

16  3.  Cooperate with all reasonable procedures sought by the

17  designator whose material may be affected.

18  4.  This notification requirement does not apply to lawful requests

19  by governmental agencies pursuant to the California Insurance

20  Code, including sections 1877 to 1877.5.

21  C.  **Wait For Resolution of Protective Order**.  If the designator timely

22  seeks a protective order, the party served with the subpoena or court

23  order shall not produce any information designated in this action as

24  CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY

25  EYES ONLY before a determination by the court where the subpoena

26  or order issued, unless the party has obtained the designator's

27  permission.  The designator shall bear the burden and expense of

28  seeking protection of its confidential material in that court.

- 16 -

5039363.1

1       D.    **Confidential Health Information.** No part of this Section shall apply

2           to CHI as defined in Section II; to the contrary, the procedures that this

3           Order approves for the use and disclosure of CHI are those set forth in

4           Section II.

5   **VII.  UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

6       If a receiving party learns that, by inadvertence or otherwise, it has disclosed

7   designated material to any person or in any circumstance not authorized under this

8   Order, it must immediately (1) notify in writing the designator of the unauthorized

9   disclosures, (2) use its best efforts to retrieve all unauthorized copies of the

10  designated material, (3) inform the person or persons to whom unauthorized

11  disclosures were made of all the terms of this Order, and (4) use reasonable efforts

12  to have such person or persons execute the Agreement to Be Bound (Exhibit A).

13  **VIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

14        **PROTECTED MATERIAL**

15      When a producing party gives notice that certain inadvertently produced

16  material is subject to a claim of privilege or other protection, the obligations of the

17  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

18  This provision is not intended to modify whatever procedure may be established in

19  an e-discovery order that provides for production without prior privilege review

20  pursuant to Federal Rule of Evidence 502(d) and (e).

21  **IX.  FILING UNDER SEAL**

22      Without written permission from the designator or a Court order, a party may

23  not file in the public record in this action any designated material, except CHI that

24  has been de-identified as described in section II, *supra*.  A party seeking to file

25  under seal any designated material must comply with L.R. 79-5.1.  Filings may be

26  made under seal only pursuant to a court order authorizing the sealing of the specific

27  material at issue.  The fact that a document has been designated under this Order is

28

- 17 -

1   insufficient to justify filing under seal.  Instead, parties must explain the basis for

2   confidentiality of each document sought to be filed under seal.

3       Because a party other than the designator will often be seeking to file

4   designated material, cooperation between the parties in preparing, and in reducing

5   the number and extent of, requests for under seal filing is essential.  Accordingly,

6   where a party seeks to file a document designated CONFIDENTIAL or HIGHLY

7   CONFIDENTIAL – ATTORNEYS EYES ONLY by another party, the filing party

8   will endeavor to provide the designating party with sufficient notice of the

9   designated documents to be filed so that the designating party may confirm whether

10  it will insist that the designated documents be filed under seal.

11      In the event that the designating party does not consent to the documents

12  being filed publicly (or in the event that, for timing reasons, the filing party is

13  unable to provide sufficient notice to designating party for the designating party to

14  state its position on under seal filing), the filing party will apply to file the

15  documents under seal pursuant to Local Rule 79-5.1.  However, the burden will be

16  on the designating party to file a declaration in support of the under seal filing.  That

17  declaration shall be due no later than (a) the date on which the designating party's

18  reply or opposition papers are due; or (b) in the event that the application to seal

19  relates to reply papers, 5 days before the scheduled hearing; or (c) in the event that

20  neither (a) nor (b) is applicable, within 5 days after application to seal is filed.  The

21  designating party's failure to file a declaration within the allotted time period shall

22  be deemed consent for the documents to be filed publicly, and the designated

23  documents shall be filed publicly.

24  **X.    FINAL DISPOSITION**

25      Within 120 days after the final disposition of this action, each party shall

26  return all designated material to the designator or destroy such material, including

27  all copies, abstracts, compilations, summaries, and any other format reproducing or

28  capturing any designated material.  The receiving party must submit a written

- 18 -

1  certification to the designator by the 120-day deadline that (1) identifies (by

2  category, where appropriate) all the designated material that was returned or

3  destroyed, and (2) affirms that the receiving party has not retained any copies,

4  abstracts, compilations, summaries, or any other format reproducing or capturing

5  any of the designated material.  This provision shall not prevent counsel from

6  retaining an archival copy of all pleadings, motion papers, trial, deposition, and

7  hearing transcripts, legal memoranda, correspondence, deposition, court hearing and

8  trial exhibits, expert reports, attorney work product, and consultant and expert work

9  product, even if such materials contain designated material.  Any such archival

10  copies remain subject to this Order, excepting matter publicly introduced at hearing

11  or trial herein.  Section II of this Order applies to the disposition of CHI.

12

13

14

15        IT IS SO ORDERED.

16

17        DATED:   April 12, 2016                    _____

18                                                   Hon. Jay C. Gandhi

19                                                   U.S. Magistrate Judge

20

21

22

23

24

25

26

27

28

5039363.1

1  EXHIBIT A

2  AGREEMENT TO BE BOUND

3     I, _____, declare under penalty of perjury that I

4  have read in its entirety and understand the Protective Order that was issued by the

5  United States District Court for the Central District of California on _____,

6  20__, in the case of *State Compensation Insurance Fund v. Daniel Capen., et al.*,

7  Case No. SACV 15-01279-AG (JCG).  I agree to comply with and to be bound by

8  all the terms of the Protective Order, and I understand and acknowledge that failure

9  to so comply could expose me to sanctions and punishment for contempt. I solemnly

10  promise that I will not disclose in any manner any information or item that is subject

11  to this Protective Order to any person or entity except in strict compliance with this

12  Protective Order, and I agree to the below provisions.  Terms used in this

13  Agreement have the same meanings given them in the Protective Order.

14     I agree not to reveal confidential health information supplied to me by any

15  person or entity in accordance with the provisions of the Protective Order to anyone

16  other than another person who is identified in Section II.F of that Protective Order

17  and who has executed this Agreement.

18     I further agree to submit to the jurisdiction of the United States District Court

19  for the Central District of California for the purpose of enforcing this Order, even if

20  such enforcement proceedings occur after termination of this action.

21     I hereby appoint _____[print or type full name] of

22  _____ [print or type full address and telephone

23  number] as my California agent for service of process in connection with this action

24  or any proceedings related to enforcement of this Order.

25  Date: _____

26  City and State where sworn and signed _____

27  Printed name: _____

28  Signature: _____

[Stipulated] Protective Order
Case No. SACV 15-01279-AG (JCG)

2964729.4