NEWMEYER & DILLION LLP
THOMAS F. NEWMEYER, CBN 82516
Tom.Newmeyer@ndlf.com
C. KENDIE SCHLECHT, CBN 190978
Kendie.Schlecht@ndlf.com
895 Dove Street, 5th Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Defendants
JOHN LARSEN, an individual and JOHN LARSEN, M.D., A PROFESSIONAL CORPORATION (Erroneously Sued as John Larsen, MD, A Professional Corporation)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CAPEN, an individual, et al.,<br><br>Defendants. | CASE NO.: 8:15-cv-01279 AG (JCGx)<br><br>**EX PARTE APPLICATION TO FILE SETTLEMENT AGREEMENT UNDER SEAL IN CONNECTION WITH MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BETWEEN DEFENDANT JOHN LARSEN, AN INDIVIDUAL AND JOHN LARSEN, M.D., A PROFESSIONAL CORPORATION AND STATE COMPENSATION INSURANCE FUND**<br><br>Courtroom: 10D<br>Judge: Hon. Andrew J. Guilford<br><br>FILE DATE: August 11, 2015<br>TRIAL DATE: February 7, 2017 |

## 1. INTRODUCTION.

Defendants John Larsen, an individual and John Larsen, M.D., A Professional Corporation (jointly "Larsen" or "Defendants") hereby apply ex parte to file the Confidential Settlement Agreement and Mutual General Release (the "Agreement") that was entered into between Larsen and Plaintiff State Compensation Insurance Fund ("SCIF") under seal. This Application is made

1  pursuant to Local Rules 79-5.2.2(a)(i) and 79-6, the Court's Procedures, and the
2  Court's Protective Order (Dkt. 235).

3        Defendants request that they be allowed to file the Agreement under seal
4  because Defendants' privacy interests override any public interest in knowing the
5  terms of the settlement between SCIF and Defendants (the "Settlement").  The
6  Agreement sets forth the settlement amount and other consideration.
7  Confidentiality was a key provision bargained for between the parties as part of the
8  Settlement.  If this Application is granted, the Agreement will be filed under seal as
9  part of Defendants' Motion for Determination of Good Faith Settlement (the
10 "Motion").  Declaration of Thomas F. Newmeyer ("Newmeyer Decl.") ¶ 3.

11       On August 18, 2016, counsel for Defendants notified all parties in the Action
12 as well as those in the related action of *State Compensation Insurance Fund v.*
13 *Drobot, et al.*, Central District of California Case No. SACV 13-00956 (the
14 "Drobot Action") that (a) they would be filing this Application ex parte; and (b) if
15 granted, they would move for a good faith settlement determination as quickly as
16 possible.  A true and correct copy of the notice is attached to the Newmeyer Decl.
17 as Exhibit A.  Newmeyer Decl., ¶ 4.  Interested parties were requested to notify
18 Defendants by August 22, 2016, if they opposed this Application.  No objections to
19 having this Application heard ex parte have been received.  Newmeyer Decl., ¶ 5.

20       In connection with Defendants' efforts to meet and confer, Parties were told
21 that the Agreement will be made available and provided to all counsel who request
22 it as long as they agree to be bound by the Protective Order governing their case.
23 Newmeyer Decl., ¶ 6.  In order to maintain the Agreement's confidentiality (while
24 still providing it to all requesting parties for review), the Agreement is designated
25 as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to the
26 Court's Protective Order in this action (Dkt. 235) and the Revised Protective Order
27 in the Drobot Action (Drobot Dkt. 695).  As of the date of this Application, only
28 three parties have requested to see the Agreement and it has been provided to them.

NEWMEYER & DILLION LLP

Newmeyer Decl., ¶ 7.

Good cause and compelling reasons exist to grant this Application and to permit filing the Agreement under seal because: (1) Defendants have a compelling privacy interest in maintaining the Agreement's confidentiality; (2) confidentiality was a material bargained for term of the Settlement, which helped facilitate the Settlement; (3) the Agreement will be or has been disclosed to parties who request it; (4) the filing of highly confidential documents under seal is permitted under the Court's Protective Order; and (5) the Agreement provides for payment within 60 days but is also contingent upon a good faith determination by this Court. In order to have the Application approved prior to filing the Motion, and having the Motion determined prior to the payment deadline, ex parte determination of this Application is needed.

## 2. LEGAL STANDARD.

### A. Good Cause And Compelling Reasons Exist To Permit Filing The Agreement Under Seal.

A court filing may be sealed for "good cause." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Phillips, et al. v. GMC, et al.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Where good cause is shown, the court must balance the public's right to access the court files against the potential harm to the moving party's interests. *Kamakana*, 447 F.3d at 1180; Phillips, 307 F.3d at 1211.

California appellate courts have found that confidential settlement agreements are entitled to privacy protection, and that a sufficient showing of compelling need for the information must be shown to entitle invasion of that protection. *Hinshaw v. Superior Court*, 51 Cal. App. 4th 233, 242 (Cal. App. Ct. 1996). In finding that the parties had a paramount privacy interest in the confidential terms and private financial information contained in the subject settlement agreements, the *Hinshaw* court noted that "the privacy of a settlement is generally understood and accepted in our legal system, which favors settlement and

NEWMEYER & DILLION LLP

therefore supports attendant needs for confidentiality." *Id*. at 241. The court emphasized that its decision was influenced by public policy favoring settlements and the parties' desire to keep the terms confidential. *Id*. at 242. In addition, the court found that a confidential settlement agreement was entitled to at least as much of a right of privacy as a bank account or tax information. *Id*. at 241.

Sealing the Agreement in the present case is even less controversial than in *Hinshaw*. In *Hinshaw*, a party had expressed an interest in obtaining the confidential settlement information. Here, Defendants have offered to provide the Agreement to all requesting parties in the Action (as long as they agree to be bound by the appropriate protective order) and is providing it to the Court. See *Mediplex of Cal., Inc. v. Superior Court*, 34 Cal. App. 4th 748, 754 (1995) (holding that in the context of a good faith settlement determination, a confidential settlement agreement need only be provided to a non-settling party so they may determine whether to oppose the motion). The instant Application prevents disclosure only to the public at large, which lacks a sufficient interest in the Agreement to override the parties' privacy interests in protecting a confidential settlement.

Defendants request that the Agreement be filed under seal because of the highly confidential and private nature of the Agreement and its terms. Confidentiality is a material term of the parties' bargained-for consideration and the ability to keep the Agreement confidential contributed to the parties' ability to reach a settlement. In addition, the highly publicized nature of this litigation presents good cause for sealing the Agreement.

In the context of good faith settlement determinations, it is accepted practice for courts in the Ninth Circuit to uphold and protect the confidentiality of settlement agreements. See *Gallagher v. Sherman & Feller*, 2011 U.S. Dist. LEXIS 145692, at *10 (N.D. Cal. Dec. 19, 2011) (reviewing the settlement agreement in camera for a determination of good faith); *Bissell v. Sunseeker Int. LTD.*, No. 2:11-CV-9940 (C.D. Cal. Apr. 20, 2012) (order granting application to

file confidential settlement agreement under seal); *Acre v. JP Morgan Chase*, No. 10-cv-01329 (C.D. Cal. Oct. 5, 2011) (order granting application to file confidential settlement agreement under seal); *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 U.S. Dist. LEXIS 22365, at *3 (N.D. Cal. Feb. 18, 2011) ("The Court finds that, to the extent that the documents discuss or disclose the terms of the Agreement, good cause exists to permit filing under seal."); *Perez v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 47149, at *9 n.3 (E.D. Cal. Apr. 3, 2012) (noting that, in the context of good faith settlement determination, a "sealed copy of the parties' settlement agreement has been filed pursuant to the Court's order granting Goodyear's request to seal the document, and the Court has reviewed the amount of the settlement."); *Van Maanen v. Youth With A Mission-Bishop*, 2011 U.S. Dist. LEXIS 121646, at *3 (E.D. Cal. Oct. 20, 2011); *Corbo v. Laessig*, 2012 U.S. Dist. LEXIS 92683, at *5 (D. Nev. July 5, 2012) (noting, in the context of a motion for determination of good faith settlement that the moving party "filed the terms of the settlement under seal."); *Motelewski v. Maui Police Dep't*, 2013 U.S. Dist. LEXIS 43385, at *2 (D. Haw. Mar. 27, 2013) ("Plaintiff seeks approval of a settlement between herself and [another party], which is confidential and filed under seal."); *Soprema, Inc. v. Beachside Roofing, LLC*, 2013 U.S. Dist. LEXIS 33243, at *5 (D. Haw. Feb. 19, 2013) (noting that in the context of an application for good faith settlement, that the settlement had been submitted under seal).

As such, good cause and compelling reasons exist to grant this Application.

### B. The Court's Protective Orders in This Action and the Drobot Action Permit Filing The Agreement Under Seal.

Defendants consider the Agreement and the information contained therein to be "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" as that term is used in the Court's Protective Order (Dkt. 235) and Revised Protective Order (Drobot Dkt. 695). This is because the Agreement contains "highly confidential, non-public, personal or proprietary business information, the disclosure of which

NEWMEYER & DILLION LLP

would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients delineated herein." (Dkt. 235 § III(A); Drobot Dkt. 695 § III(A).) Both Protective Orders provide that confidential information, such as the Agreement, may be filed with the Court under seal pursuant to L.R. 79-5.1. (Dkt. 235 § IX; Drobot Dkt. 695 § IX.) As such, the Court should grant this Application and permit the Agreement to be filed under seal for "good cause" and because under-seal filing is specifically permitted by the terms of the Protective Orders.

### C. Filing The Agreement Under Seal Will Not Prejudice Other Parties.

Numerous documents have been filed under seal in this Action, including another settlement agreement. All parties who request a copy of the Agreement at issue here will be given access to the document. Defendants have not abused the mechanism to unduly file documents under seal and only bring this Application due to the extremely sensitive nature of the material contained within the agreement.

## 3. ALL PARTIES WERE APPRISED OF DEFENDANTS' INTENTION TO FILE THIS APPLICATION IN ADVANCE AND GOOD CAUSE EXISTS FOR GRANTING IT EX PARTE.

In order to determine whether any party objects to this Application, all were provided with written notice that it would be filed ex parte and given three days to raise any objection. See Newmeyer Decl., Exhibit A. Three attorneys requested copies of the Agreement and it was promptly provided to them. Newmeyer Decl., ¶ 7.

The Agreement provides for Defendants to make payment of the Settlement Agreement to SCIF within 60 days, but also requires a good faith settlement determination be made prior to payment. In order to (a) give parties sufficient time to consent to the Application; (b) have the Application decided before the Motion is filed; and (c) have the Motion determined on statutory notice before the payment is

due, this Application should be decided as quickly as possible. Newmeyer Decl., ¶ 8.

## 4. CONCLUSION.

Because the Agreement which contains the terms of the Settlement meets all of the criteria necessary to file a document under seal, and because no party will be prejudiced by the requested relief, his Application should be granted.

Dated: August 23, 2016

NEWMEYER & DILLION LLP

By: */s/ Thomas F. Newmeyer*
Thomas F. Newmeyer
C. Kendie Schlecht
Attorneys for Defendants
JOHN LARSEN, an individual and
JOHN LARSEN, M.D., A
PROFESSIONAL CORPORATION

# CERTIFICATE OF SERVICE

*State Compensation Insurance Fund v. Capen, et al.*
USDC - Central (Southern Division) Case No.8:15-cv-01279 AG (JCGx)

I hereby certify that on August 23, 2016, the attached document entitled

**EX PARTE APPLICATION TO FILE SETTLEMENT AGREEMENT UNDER SEAL IN CONNECTION WITH MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BETWEEN DEFENDANT JOHN LARSEN, AN INDIVIDUAL AND JOHN LARSEN, M.D., A PROFESSIONAL CORPORATION AND STATE COMPENSATION INSURANCE FUND**

was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Aaron M. May, Esq. | aaron.may@hysmlaw.com |
| Alison Plessman, Esq. | aplessman@hueston.com |
| Benjamin N. Gluck, Esq. | bgluck@birdmarella.com |
| David H. Chao, Esq. | dchao@birdmarella.com |
| David J. Schindler, Esq. | David.schindler@lw.com |
| Dawn M. Coulson, Esq. | dcoulson@eppscoulson.com |
| Grant B. Gelberg | Grant.gelberg@hysmlaw.com |
| James F. Rumm, Esq. | jrumm@ferruzzo.com |
| James T. Duff, Esq. | jduff@jtdlaw.net |
| Jason M. Burrows, Esq. | jburrows@hoefflinlaw.com |
| Jeff Wilkerson, Esq. | jwilkerson@hueston.com |
| Stephen A. Silverman, Esq. | silverman@silmillaw.com |
| Polina Polonsky, Esq. | polinapolonsky@silmillaw.com |
| Jodi M. Newberry | newberry@silmillaw.com |
| John C. Hueston, Esq. | jhueston@hueston.com |
| Leanne Oates Vanecek, Esq. | lvanecek@hueston.com |

| # | Name | Email |
|---|---|---|
| 1 | Jonathan J. Boustani, Esq. | Jonathan.Boustani@btlaw.com |
| 2 | Kathleen W. Nichols, Esq. | Kathy@cjattorneys.com |
| 3 | Kristen Meredith Tuey, Esq. | Kristen.tuey@lw.com |
| 4 | Lauren Elizabeth Shaw, Esq. | lshaw@hueston.com |
| 5 | Linda S. Platisha, Esq. | lsplatisha@scif.com |
| 6 | Manuel A. Abascal, Esq. | Many.abascal@lw.com |
| 7 | Nathan M. Saper, Esq. | Nathan.Saper@lw.com |
| 8 | Michael A. Behrens, Esq. | mbehrens@hueston.com |
| 9 | Richard M. Hoefflin | rmhoefflin@hoefflinlaw.com |
| 10 | Peter Morris, Esq. | Peter.Morris@btlaw.com |
| 11 | Stephen I. Hsu, Esq. | Shsu@eppscoulson.com |
| 12 | Matthew B. O'Hanlon, Esq. | Matthew.OHanlon@btlaw.com |
| 13 | Veronica Gunderson, Esq. | vgunderson@eppscoulson.com |
| 14 | Robert N. Klieger, Esq. | rklieger@hueston.com |
| 15 | Zachary Elsea, Esq. | zelsea@hueston.com |
| 16 | Gina Marie Ong, Esq. | gmong@scif.com |
| 17 | Andrew P.P. Dunk III, Esq. | APDunkIII@scif.com |

NEWMEYER & DILLION LLP

5493416.1

- 2 -

8:15-CV-01279 AG (JCGx)
CERTIFICATE OF SERVICE

1
2
     I further certify that copies of the foregoing were sent on August 23, 2016, via U.S. Mail to the following parties:

3
4
5
Stephen Immanuel Hsu
Epps and Coulson LLP
707 Wilshire Blvd Suite 3000
Los Angeles CA 90017

6
7
8
9
10
     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11
12
     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

13
     Executed on August 23, 2016, at Newport Beach, California.

14
15
                                        */s/ Joanne Kenney*
                                        Joanne Kenney

16
17
18
19
20
21
22
23
24
25
26
27
28

NEWMEYER & DILLION LLP

5493416.1       - 3 -       8:15-CV-01279 AG (JCGx)
CERTIFICATE OF SERVICE